```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

ROBERT L. JOHNSON,              :

    Plaintiff,                  :

vs.                             :     CIVIL ACTION 05-0655-BH-M

LEVAN THOMAS,                   :

    Defendant.                  :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendant Levan Thomas's Motion for Summary Judgment. (Docs. 22, 23). For the reasons stated below, it is recommended that Defendant Thomas's Motion for Summary Judgment be granted and that Plaintiff's action against Defendant Thomas be dismissed with prejudice. In addition, it is recommended that Plaintiff's action against Defendant Greg Pierce be dismissed without prejudice for failure to prosecute.

I.   SUMMARY OF FACTUAL ALLEGATIONS

For purposes of this motion, the Court assumes the allegations in Plaintiff's Complaint to be true. According to Plaintiff, on February 15, 2005, while he was incarcerated at Holman Correctional Facility ("Holman"), he returned to his cell after a disciplinary hearing, under the escort of Correctional

Officer Greg Pierce and one other unidentified correctional officer.  (Doc. 4 at 4).  Plaintiff was handcuffed at the time, and, upon entering his cell, an altercation occurred between Plaintiff and Officer Pierce over the handcuffs.[1]  During the altercation, Officer Pierce "hit [Plaintiff] with his fist and kick[ed] [Plaintiff], and choke[d] [Plaintiff]."  (Id.).  Plaintiff claims that he was hit by Officer Pierce "many times" while the other officer stood by and did nothing to stop it.  (Id.).

## II.   PROCEDURAL ASPECTS OF THE CASE

On November 8, 2005, Plaintiff filed a § 1983 Complaint against Warden Levan Thomas and Correctional Officer Greg Pierce.  (Doc. 1).  On that same date, the Court ordered Plaintiff to file an Amended Complaint on the Court's form, using a new civil action number (Doc. 3), which Plaintiff did on November 28, 2005.  (Doc. 4).

The Court construes Plaintiff's Amended Complaint as alleging an Eighth Amendment claim against Officer Greg Pierce for using excessive force against Plaintiff on February 15, 2005, and against Warden Levan Thomas for violating Plaintiff's Eighth Amendment rights by failing to "do anything about this matter."

---

[1] In his Complaint, Plaintiff states: "he said that I refused to give him back the handcuffs."  (Doc. 4 at 4).

(Id. at 5).  Plaintiff seeks compensatory damages.  (Id. at 7).

On January 17, 2006, the Court directed the Clerk to serve Defendants Pierce and Thomas with the Complaint.  (Doc. 8).  The Court's request for waiver of service of the Complaint was returned unexecuted as to Officer Greg Pierce on January 30, 2006.  (Doc. 12).  The notice stated that Officer Pierce had retired from Holman prison in 2005.  (Id.).  To date, Plaintiff has failed to provide the Court with an address for service of the Complaint on Defendant Pierce.[2]

Waiver of service of the Complaint was returned executed on Defendant Levan Thomas on March 16, 2007.  (Doc. 20).  On April 27, 2007, Defendant Levan Thomas filed a Special Report and Answer, asserting various defenses, including absolute and qualified immunity[3] and no *respondeat superior* liability.  (Docs.

---

[2] The Court also ordered Defendant Levan Thomas to provide an address for Officer Pierce (Doc. 24), and Defendant responded through counsel that, after conducting an extensive search, an address for Officer Pierce could not be found.  (Doc. 25).  On August 23, 2007, Plaintiff filed a motion for contempt (Doc. 27), and the Court denied the motion on the ground that Plaintiff had not shown that Defendant's efforts to locate Officer Pierce's address were not in good faith or as the Court had directed.  (Doc. 29).  On October 29, 2007, Plaintiff filed a notice of interlocutory appeal (Doc. 38), which was dismissed on November 27, 2007, by the United States Court of Appeals for the Eleventh Circuit for failure to prosecute.  (Doc. 41).

[3] Plaintiff does not specify whether he is suing Defendant, Warden Levan Thomas, in his official or individual capacity or both.  Thus, the Court will consider both.  As a state official, Defendant Thomas is entitled to absolute immunity from suit for damages in his official capacity.  See Harbert Int'l, Inc. v.

3

22, 23).  On October 17, 2007, the Court ordered that Defendant Levan Thomas's Special Report and Answer be treated as a Motion for Summary Judgment.  (Doc. 28).  Defendant Thomas's motion is now before the Court.

### III. SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles.  The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment.  "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.

---

James, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment).  Furthermore, "[q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)).  In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right."  Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Having found herein that Plaintiff's allegations do not establish a causal connection between this Defendant and the alleged constitutional violation, "there is no necessity for further inquiries concerning qualified immunity."  Saucier, 533 U.S. at 201.

R. Civ. P. 56(c)).

The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party.  Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989).

However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 325-27.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . .  If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary judgment is mandated where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Custom Mfg. & Eng'g, Inc. v. Midway Servs.,

5

Inc., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

## IV.  DISCUSSION

In this action, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for an alleged constitutional deprivation arising out of an altercation that occurred on February 15, 2005, between Plaintiff and Correctional Officer Greg Pierce, while Plaintiff was incarcerated at Holman prison.  Specifically, Plaintiff claims that Defendant Warden Thomas violated his Eighth Amendment rights by failing to "do anything about" Officer Greg Pierce's alleged use of excessive force against Plaintiff.   (Doc. 4 at 5).

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (1994).

In order to state a claim upon which relief can be granted in a § 1983 action, a Plaintiff must establish a causal connection between each defendant's actions, orders, customs, policies, or breaches of statutory duty and the alleged

6

deprivation of his constitutional rights.  Boglin v. Weaver, 2001 WL 228172, *14 (S.D. Ala. 2001) (unreported).  "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

"The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Id. (citations omitted).  "Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Id. (citations and internal quotation marks omitted).

Plaintiff does not contend that Warden Thomas was personally involved in the alleged use of excessive force against him on February 15, 2005.  Moreover, Plaintiff has failed to establish, or even allege, that Warden Thomas had a policy or custom of allowing officers to use excessive force against inmates or that

7

there was a history of abuse that would have put Warden Thomas on notice of such unconstitutional conduct.  Because Plaintiff has failed to establish, or even allege, a causal connection between the actions of Defendant Warden Thomas and the alleged constitutional deprivation, his claim against this Defendant fails as a matter of law.[4]  See Owens v. DeLoach, 2007 WL 2069850, *4 (M.D. Ala. 2007) (Because warden did not personally participate in the alleged use of excessive force, and Plaintiff failed to present any evidence of "obvious, flagrant or rampant abuse of continuing duration in the face of which [the warden] failed to take corrective action," warden was entitled to summary judgment on Plaintiff's § 1983 claim.); Bonner v. Giles, 2007 WL 1992082, *1-2 (M.D. Ala. 2007) (Summary judgment granted for warden where there was no evidence of a "causal connection" between warden and the alleged use of excessive force by a guard); Powell v. Carroll, 2006 WL 2715128, *13 (S.D. Ala. 2006) (Warden entitled to summary judgment where he did not personally participate in alleged use of excessive force and where Plaintiff presented no evidence of a history of widespread abuse or a custom or policy of allowing the use of excessive force.).

In addition, because Plaintiff has failed to comply with the

---

[4] Having found that Plaintiff's Complaint is due to be dismissed as a matter of law, Plaintiff's remaining pending motions are denied as moot.  (Docs. 47, 48, 49).

Court's order to provide an address for service of the Complaint on Defendant Greg Pierce, Plaintiff's claim against Defendant Pierce is due to be dismissed without prejudice for failure to prosecute.

## V.   CONCLUSION

Based on the foregoing, the Court concludes that Defendant Levan Thomas is entitled to summary judgment in his favor on all claims asserted against him by Plaintiff.  Accordingly, it is recommended that Defendant Thomas's motion for summary judgment be GRANTED, that this action against Defendant Thomas be DISMISSED with prejudice, and that judgment be entered in favor of Defendant Thomas and against Plaintiff on all claims.  In addition, it is recommended that Plaintiff's action against Defendant Greg Pierce be DISMISSED without prejudice for failure to prosecute.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d

736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination

that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of February, 2008.

                                        s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE